IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Juul Labs, Inc., <br><br> Plaintiff, <br><br> v. <br><br> XFire, Inc. and ALD Group Limited, <br><br> Defendants. | Civil Action No.:4:18-cv-3571 <br><br> **JURY TRIAL REQUESTED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Juul Labs, Inc. ("Juul" or "Plaintiff") files this Complaint against XFire, Inc. ("XFire") and ALD Group Limited ("ALD") (collectively "Defendants") and alleges as follows:

### NATURE OF THIS ACTION

1. This is a civil action arising out of Defendants' patent infringement in violation of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 281-285.

### PARTIES

2. Juul is a privately-held corporation organized and existing under the laws of Delaware, having a principal place of business at 560 20th Street, San Francisco, CA 94107.

3. XFire is a corporation organized and existing under the laws of Texas, having a principal place of business at 820 Summer Park Drive, Suite 700, Stafford, Texas 77477.

4. ALD is a Chinese corporation with its principal place of business at No. 2, 3rd Industrial Road Baoan District Shenzhen City, Guangdong Province China 518108.

1

**JURISDICTION AND VENUE**

5.     This Court has subject-matter jurisdiction over Juul's patent-infringement claims under 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over XFire at least because XFire is incorporated in this District, and has purposefully distributed the accused XFire devices and pods within Texas, made those products available for sale through an established distribution chain (including the https://xfirevapor.com/ website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1; Ex. 2; Ex. 3.

7.     This Court has personal jurisdiction over ALD at least because, on information and belief, ALD has purposefully imported the accused XFire devices and pods into Texas, made those products available for sale through an established distribution chain (including the https://xfirevapor.com/ website), and Juul's cause of action for patent infringement arises out of these activities. *See* Ex. 1; Ex. 2; Ex. 3.

8.     Venue is proper for XFire in this District under 28 U.S.C. §§ 1391 and 1400(b) at least because XFire is a resident and corporate citizen of this District, and because XFire has committed acts of infringement in this District. Venue is also proper for ALD in this District under 28 U.S.C. § 1391(b)(3) at least because no other venue is proper and this Court has personal jurisdiction over ALD. *Atlantic Marine Construction Co. v. United States District Court for the W.D. of Texas*, 571 U.S. 49, 57 (2013) ("The statute thereby ensures that so long as a federal court has personal jurisdiction over the defendant, venue will always lie somewhere.").

**COUNT I: INFRINGEMENT OF U.S. PATENT NO. 10,070,669**

9.     Juul re-alleges and incorporates by reference Paragraphs 1-8 above, as if fully set forth herein.

10. On September 11, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,070,669, entitled "Cartridge for Use with a Vaporizer Device," to inventors James Monsees, Adam Bowen, Nichols Jay Hatton, Steven Christensen, Kevin Lomeli, Ariel Atkins, and Aaron Keller. The '669 patent issued from U.S. Application No. 15/820,370, filed November 21, 2017. There are no fees currently due with respect to the '669 patent.

11. The '669 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '669 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '669 patent is valid and enforceable. A true and correct copy of the '669 patent is attached as Exhibit 4.

12. Juul virtually marks its products with the appropriate patent numbers, including the '669 patent.

13. On information and belief, XFire and ALD manufacture, use, import, distribute, offer to sell, and/or sell in the United States the XFire devices and pods that infringe the '669 patent under 35 U.S.C. § 271(a). Specifically, the XFire devices and pods infringe claims 1, 2, 4, 5, 7-9, 12, 13, 16, 17, 20, and 21 of the '669 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the XFire devices and pods is attached as Exhibit 5.

14. By their actions, XFire's and ALD's infringement of the '669 patent has irreparably harmed Juul. Unless XFire's and ALD's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

15. By their actions, XFire's and ALD's infringement of the '669 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for XFire's and ALD's infringing acts.

### COUNT II: INFRINGEMENT OF U.S. PATENT NO. 10,076,139

16. Juul re-alleges and incorporates by reference Paragraphs 1-15 above, as if fully set forth herein.

17. On September 18, 2018, the United States Patent and Trademark Office duly and lawfully issued United States Patent Number 10,076,139, entitled "Vaporizer Apparatus," to inventors James Monsees, Adam Bowen, Steven Christensen, Joshua Morenstein, and Christopher Nicholas HibmaCronan. The '139 patent issued from U.S. Application No. 15/257,760, filed September 6, 2016. There are no fees currently due with respect to the '139 patent.

18. The '139 patent was duly assigned to Juul, which is the assignee of all right, title, and interest in and to the '139 patent and possesses the exclusive right of recovery for past, present, and future infringement. Each and every claim of the '139 patent is valid and enforceable. A true and correct copy of the '139 patent is attached as Exhibit 6.

19. Juul virtually marks its products with the appropriate patent numbers, including the '139 patent.

20. On information and belief, XFire and ALD manufacture, use, import, distribute, offer to sell, and/or sell in the United States the XFire devices and pods that infringe the '139 patent under 35 U.S.C. § 271(a). Specifically, the XFire devices and pods infringe claims 1-4, 9-11, 13, 14, 19-21, 24, 28, and 29 of the '139 patent at least because these devices and pods include each and every limitation of these claims either literally or under the doctrine of equivalents. An exemplary claim chart for the XFire devices and pods is attached as Exhibit 7.

4

21. By their actions, XFire's and ALD's infringement of the '139 patent has irreparably harmed Juul. Unless XFire's and ALD's infringing acts are enjoined by this Court, Juul will continue to suffer additional irreparable injury. Juul has no adequate remedy at law.

22. By their actions, XFire's and ALD's infringement of the '139 patent has damaged, and continues to damage, Juul in an amount yet to be determined, of at least a reasonable royalty and/or lost profits that Juul would have made but for XFire's and ALD's infringing acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests judgment against XFire and ALD as follows:

A. That XFire, ALD, and all of its subsidiaries, affiliates, officers, agents, servants, employees, attorneys, and their heirs, successors and assigns, and all persons acting in concert or participation with XFire and ALD and each of them, be immediately enjoined and restrained, preliminarily and permanently, without bond, from manufacturing, distributing, selling or offering to sell in the United States or importing into the United States products infringing the claims of the patents-at-issue; and deliver to Plaintiff all products that infringe the patents-at-issue;

B. A judgment by the Court that XFire and ALD have infringed U.S. Patent Nos. 10,070,669 and 10,076,139;

C. An award of damages for infringement of U.S. Patent Nos. 10,070,669 and 10,076,139 together with prejudgment interest and costs, said damages to be trebled by reason of the intentional and willful nature of XFire's and ALD's infringement, as provided by 35 U.S.C. § 284;

D. A determination that this case is "exceptional" under 35 U.S.C. § 285, and an award of Plaintiff's reasonable attorneys' fees;

E. That any monetary award includes pre- and post-judgment interest at the highest rate allowed by law;

5

F.      For costs of suit; and

G.      For such other or further relief as the Court deems just and proper.

## JURY DEMAND

Under Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a trial by jury of any issues triable of right by a jury.

Dated: October 3, 2018

By: /s/ *Eric S. Tautfest*
Eric S. Tautfest (Attorney in Charge)
Texas Bar No. 24028534
Southern District of Texas Bar No. 35605
etautfest@grayreed.com
Jared Hoggan
Texas Bar No. 24065435
Southern District of Texas Bar No. 2505886
jhoggan@grayreed.com
David T. DeZern
Texas Bar No. 24059677
Southern District of Texas Bar No. 2980968
ddezern@grayreed.com
**GRAY REED & MCGRAW LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (469) 320-6901

Daniel E. Yonan (*Pro Hac Vice* to be filed)
Washington, D.C. Bar No. 473390
dyonan@sternekessler.com
Michael E. Joffre (*Pro Hac Vice* to be filed)
Washington, D.C. Bar No. 497813
mjoffre@sternekessler.com
Nirav N. Desai (*Pro Hac Vice* to be filed)
Washington, D.C. Bar No. 975516
ndesai@sternekessler.com
**Sterne, Kessler, Goldstein & Fox PLLC**
1100 New York Avenue, NW
Washington, DC 20005
(202) 371-2600
(202) 371-2540 (fax)

***Attorneys for Plaintiff Juul Labs, Inc.***